IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DISABILITY RIGHTS TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-CV-1376-XR |
| | § | |
| KEVIN BOIS, IN HIS OFFICIAL | § | |
| CAPACITY AS THE CHIEF OF POLICE OF | § | |
| THE KIRBY POLICE DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Pursuant to Federal Rules of Civil Procedure 15(a)(1)(B), Plaintiff, Disability Rights Texas hereby files its First Amended Complaint against Kevin Bois, in his official capacity as Chief of Police of the Kirby Police Department.

## I. PRELIMINARY STATEMENT

1. In February of 2020, Disability Rights Texas ("DRTx") learned from news reports of the death by suicide of an individual, A.W., at the Kirby Jail in Kirby, Texas.

2. DRTx, as Texas' designated protection and advocacy system, and in accordance with its statutory obligations, sought to investigate the circumstances of this death pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI"), 42 U.S.C. § 10801, *et seq.;* the Developmental Disabilities Assistance and Bill of Rights Act ("PADD"), 42 U.S.C. §§ 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act ("PAIR"), 29 U.S.C. § 794e(a). These three laws are hereinafter collectively referred to as the "P&A Acts."

3. In accordance with these mandates, DRTx has the authority to have access to documents of the detention, jail records, and death by suicide of an individual, A.W., in Kirby

Police Department ("Kirby PD") custody for the purpose of investigating an incident of abuse of neglect.

4. In accordance with these federal mandates, DRTx has the authority to access all records of an individual who has died for the purposes of investigating incidents of abuse or neglect if DRTx receives a complaint or has probable cause to believe the person had been subject to abuse or neglect. Accordingly, DRTx made repeated requests to Defendant to access videos and documents related to A.W., who died while in Kirby Jail custody. Defendant, however, has refused to provide DRTx access to the video, investigative reports, or other documents.

5. DRTx seeks declaratory and permanent injunctive relief to prevent the Defendant from continuing to thwart DRTx's statutory obligation to protect and advocate on behalf of individuals with disabilities, and to investigate incidents of abuse or neglect pursuant to Fed. R. Civ. P. 57 & 65, 28 U.S.C. § 2201, 42 U.S.C. § 10805(a)(1)(B), and 42 U.S.C. § 1983.

## II. JURISDICTION

6. This action is authorized by 42 U.S.C. § 1983 to redress the deprivation under color of law of rights guaranteed by the P&A Acts, 42 U.S.C. § 10801, et seq., 42 U.S.C. §§ 15001, et seq., 29 U.S.C. § 794c(a), and 28 U.S.C. §§ 2201-02. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

7. This Court has authority to grant Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-02, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) & (c). Defendant resides in this district, and the events or omissions complained of herein occurred in this district.

## III. PARTIES

9. Plaintiff Disability Rights Texas is a non-profit Texas corporation authorized by Congressional mandate to protect and advocate for the civil rights of persons with disabilities. DRTx was and is designated by the State of Texas to perform this Congressional mandate pursuant to the DD Act, 42 U.S.C. §§ 15001-03, and the PAIMI Act, 42 U.S.C. §§ 10802- 03. DRTx spends considerable time and resources monitoring conditions at detention facilities, including facilities like the Kirby Jail, and investigating the abuse and neglect of the rights of people reside in those facilities. Defendant Kevin Bois at all relevant times was and is the duly-appointed Chief of Police of Kirby, Texas. Defendant Kevin Bois was at the time of the events made the subject of this cause of action and is the duly-appointed administrator of the Kirby Police Department and of the Kirby Police Department Deputies, Jailers, Jail employees, and contractors, and he is responsible for their training, supervision, and conduct. By law, Defendant Bois is responsible for ensuring that Kirby Jail is in compliance with federal and state laws. By law, Defendant Bois was responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. He is being sued in his official capacity as Chief of Police of Kirby, Texas. At all relevant times, Defendant Bois was acting under color of law and as the agent, servant, and, as a matter of law, the official representative of Kirby, Texas. Defendant Bois was served with Plaintiff's Original Complaint. Therefore, Plaintiff's First Amended Complaint will be sent, via certified mail, to Defendant's attorney of record, Charles S. Frigerio, 111 Soledad, Suite 840, San Antonio, Texas 78205. Wherever Plaintiff uses the word "Defendant" in this petition, it means Defendant, his agents, employees, successors, and all persons acting in concert with him or at his direction.

## IV. FACTS

10. In February 2020, DRTx received a complaint via news reports of A.W.'s death by suicide while in custody of the Kirby Jail.

11. Additionally, where an inmate commits suicide while in a Texas jail in which "30 percent of jail inmates have one or more serious mental illnesses," DRTx had probable cause to believe that A.W.'s death may have been the result of abuse or neglect. Univ. of Texas Civil Rights Clinic, *Preventable Tragedies: How to Reduce Mental-Health Related Deaths in Texas Jails pg.* 7 (Nov. 2016), available at https://www.dshs.texas.gov/legislative/2015/MH-Offender-Screening-Report-090215.pdf. In accordance with its statutory mandate, DRTx thus opened an investigation.

12. DRTx's mandate comes after Congress's enactment of the P&A Acts after extensive congressional investigations found that existing state systems for monitoring compliance with respect to the abuse and neglect of persons with disabilities residing in institutions vary widely and are frequently inadequate to protect these individuals. To ensure that the fox was no longer guarding the hen house, Congress mandated that each state have a "protection and advocacy system" designed to have independent access to institutions and records in order to detect and prevent abuse and neglect. Because the State of Texas receives federal funds under the P&A Acts, it is required to designate a system that is designed to protect and advocate the rights of individuals with disabilities, and to investigate incidents of abuse and neglect of individuals with disabilities. *See, e.g.*, 42 U.S.C. § 10801, *et seq.*; 42 U.S.C. § 15001, *et seq.* DRTx has been designated by the State of Texas to be that system.

13. The P&A Acts mandate that DRTx have access to all records of an individual who has died. 42 U.S.C. § 10805(a)(4)(B); 42 C.F.R. §51.41(b)(2).

14. The PAIMI Act defines the term "records" to include "reports prepared by any staff of a facility rendering care and treatment or reports prepared by an agency charged with investigating reports of incidents of abuse, neglect, and injury occurring at such facility that describe incidents of abuse, neglect, and injury occurring at such facility and the steps taken to investigate such incidents, and discharge planning records." 42 U.S.C. §10806(b)(3)(A).

15. The implementing regulations to the PAIMI Act further define records to include "[i]nformation and individual records, obtained in the course of providing intake, assessment, evaluation, supportive and other services, and reports prepared or received by a member of the staff of a facility or program rendering care or treatment" and "[r]eports prepared by an agency charged with investigating abuse, neglect, or injury occurring at a facility rendering care or treatment, or by or for the facility itself…" "whether written or in another medium, draft or final, including handwritten notes, electronic files, photographs or *video* or audio tape records." 42 C.F.R. 51.41(c)(1)-(2) (emphasis added).

16. On April 1, 2020, in furtherance of its investigation and pursuant to its protection an advocacy authority, DRTx requested A.W.'s entire jail record including, but not limited to: any and all video footage of her in the holding cell; the entire jail record; the entire jail medical record; physical death reports and certifications.

17. Defendant requested an opinion from the Office of the Texas Attorney General and filed a supporting brief on May 11, 2020, seeking to withhold *most of the documents* requested by DRTx based on state law exceptions set forth in Texas Government Code § 552.101 (confidential information exception) and Texas Government Code § 552.108(a)(1) (criminal law detection, investigation, or prosecution exception). More specifically, Defendant indicated it sought to withhold from disclosure incident report "except for such portion that specifically includes a

detailed description of the incident". It also wished to withhold from disclosure "the case notes, the Voluntary Statements, the other documents, and the recordings requested".

18. Subsequently, DRTx filed a responsive brief to the Attorney General in support of its special right of access to the information under its P&A authority on June 12, 2020.

19. On or about July 23, 2020, the Attorney General issued its ruling, OR 2020-18441, which wrongfully denied DRTx access to the records that Defendant sought to withhold, records it has a special rights of access to under its federal authority. These records relate to the detention and suicide of A.W., the incident report (other than the incident description that Defendant had not sought to withhold), physical death report, investigation reports, Call for Service Reports, Supplemental Reports, case notes, Voluntary Statements, A.W.'s medical and jail records, and any video footage of A.W. while in the custody of Defendant. The Attorney General noted that Defendant had already agreed to provide the policy-related information to DRTx.

20. Even though the P&A Acts and implementing regulations specifically list these types of documents as "records," the Attorney General confusingly declined to find the documents as the type of "records" contemplated by the P&A Acts.

21. On August 3, 2020, Defendant provided DRTx with only a redacted version of an Incident Report narrative and Supplemental Report narrative.

22. For over eight months after DRTx's initial request, Defendant has refused to provide DRTx with a copy of case notes, investigative reports, jail or medical records, or video of the incident. Defendant's failure to release these records violates DRTx's federal authority and unduly limits, impairs and impedes DRTx's ability to complete its statutorily authorized investigation into abuse or neglect in connection with A.W.'s death, or fulfill its mandate to protect individuals with mental illness.

23. Defendant's actions unduly restrict DRTx from obtaining information and documents it is entitled to receive under federal law, and impair, limit, and impede DRTx's ability to timely conduct statutorily-authorized investigations regarding abuse and/or neglect involving individuals with disabilities receiving care and/or treatment at the Defendant's facility.

## V. CAUSES OF ACTION – VIOLATION OF THE P&A ACTS

24. Plaintiff DRTx restates and incorporates by reference each of the allegations contained in Paragraphs 1 through 23, above.

25. The Civil Rights Act of 1871, 42 U.S.C. § 1983, provides relief for persons who, under color of state law, have been deprived of any rights, privileges or immunities secured under the U.S. Constitution or federal law.

26. DRTx's federal mandate specifically grants DRTx the express authority to access "all" records of an individual with a disability including those necessary and relevant to conducting a full investigation of abuse, neglect, injury, or death of a person with a disability. 42 U.S.C. § 10805(a)(4); *see also* 42 U.S.C. § 15043(a)(2)(I)(J); 29 U.S.C. § 794e(f)(2); *see also* 42 C.F.R. § 51.2; 45 C.F.R. § 1326.19. The P&A Acts go on to state that a record means a "*report* prepared by any staff of a facility rendering care and treatment or reports prepared by an agency charged with investigating reports of incidents of abuse, neglect, and injury occurring at such facility and the steps taken to investigate such incidents, and discharge planning records" 42 U.S.C. § 10806(b)(3)(A)(emphasis added); *see also* 42 U.S.C. § 15043(c)(1).

27. In order to perform its advocacy and investigatory role, the P&A Acts provide DRTx with the authority to investigate incidents of individuals with disabilities when such incidents are reported to the system or there is probable cause to believe that the incidents occurred. 42 U.S.C. § 15043(a)(2)(A) and (B); 42 U.S.C. § 10805(a)(1)(A) and (B); 29 U.S.C. § 794e(f)(2). In tandem with this charge, Congress granted the P&As broad and unique legal authority to secure

records. The P&A Acts provide that the P&A systems "shall…have access to all records of any individual with a mental illness" and specifically defines the facilities covered by the PAIMI Act include but are not limited to "**jails** and prisons, including all general areas as well as special mental health or forensic units." 42 U.S.C. § 10805(a)(4)(C), 42 C.F.R. § 51.2.

28. The federal statutes that create these rights explicitly require that they supersede any state law or policy prohibiting such access. 42 U.S.C. § 10806 (b)(2)(C).

29. The information about A.W. requested by DRTx is the exact type of information identified in the P&A Acts and regulations as records, and therefore must be disclosed to DRTx. Without these records, DRTx will be unable to complete a thorough investigation into the possible abuse or neglect of A.W.

30. The policy and actions of the Defendant, acting under color of law, violate the right of Plaintiff, as guaranteed by the P&A Acts, to meaningful and timely access to records of A.W., an individual who died at the facility operated by Defendant. Defendant's policy and actions, unless enjoined, will violate DRTx's right to that information in A.W.'s death and in the event of future deaths at Kirby Jail.

## VI. PRAYER

WHEREFORE, Plaintiff DRTx respectfully prays that this Court:

    (a) Enter a permanent injunction enjoining the Defendant, its agents, or employees from denying DRTx immediate access to any medical and mental health treatment records, peer review records, correspondence or reports to third parties, and the video records, pertaining to A.W.;

    (b) Issue a permanent injunction against Defendant and his successors to prevent Defendant and his successors from engaging in the conduct complained of herein regarding all future records requests by Plaintiff DRTx for production of jail and medical records, investigative reports, correspondence or reports to third parties, and video records of individuals residing at Defendant's facility;

    (c) Issue a declaratory judgment that Defendant's policies, regulations, and practices of continuing to deny DRTx full, complete, meaningful, and timely access to Kirby Jail records violated and continues to violate the P&A Acts;

(d)     Award Plaintiff DRTx its reasonable and necessary attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(e)     Award Plaintiff any other relief that the Court deems just and equitable.

Respectfully submitted,

/s/ Coty Meibeyer
COTY MEIBEYER
State Bar No. 24085469
cmeibeyer@drtx.org
DISABILITY RIGHTS TEXAS
1500 McGowen St., Suite 100
Houston, Texas 77004
(713) 974-7691 (Houston Office)
(713) 974-7695 (Houston Fax)

BETH L. MITCHELL
State Bar No. 00784613
bmitchell@drtx.org
DISABILITY RIGHTS TEXAS
2222 W. Braker Lane
Austin, Texas 78758
(512) 454-4816 (Austin Office)
(512) 454-3999 (Austin Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2020, a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF filing system, thus providing notice of electronic filing to the following:

> Charles S. Frigerio
> 111 Soledad, Suite 840
> San Antonio, Texas 78205

/s/ Coty Meibeyer
COTY MEIBEYER